STOVALL
*vs*
SMITH.

---

TRESPASS.

*Case* 71.

## Stovall *vs* Smith.

APPEAL FROM THE LOGAN CIRCUIT.

*Double Damages.    Trespasses.    Judgments.*

*April* 12.

JUDGE MARSHALL delivered the opinion of the Court.

The double damages given by the statute of 1798, for injuring stock in an inclosure, not under lawful fence, &c. means double the amount of actual injury.

WE are satisfied that the "double damages" given by the third section of the act of 1798, "for preventing trespasses," &c., (*Stat. Law,* 611–12,) against any person who, without having a lawful fence, shall hurt, wound, kill, &c. any horse, &c. trespassing on his land, is intended to be the full amount of recovery in any action founded upon that section; that the "double damages" are twice the amount of the actual injury, and that the ex-

cess above the actual injury, is intended- to cover any circumstances of aggravation. As this section does not abrogate the common law remedy, that remedy may still be resorted to if the party injured thinks the circumstances would entitle him to more than double damages.

But in pursuing the remedy under the statute, the criterion of damages is fixed, and the jury have no right to give *smart money* in addition. The statute is, in its nature, penal; the double damages constitute the entire penalty, and it cannot be exceeded. The Circuit Court, therefore, improperly instructed the jury that if they found the defendant guilty under the second count in the declaration, (which is founded on the statute,) they must find for the plaintiff double damages, *and they might, in addition, find smart money.* The plaintiff could not recover for the same trespass on both counts—his double damages on one and smart money on the other. And as the jury were not bound to find double damages on the first, so they had no right to find smart money in addition to double damages on the second.

We would remark further, in relation to the manner of ascertaining the double damages in an action founded on the statute, that it seems most proper to instruct the jury to find the actual damage, and to give judgment for double the amount of the verdict. For although it might not be deemed erroneous to instruct the jury to find double the amount of actual damage, and to render the judgment for that amount, yet unless such instruction should appear upon the record, which is not always the case, it might happen that although the verdict and judgment were in truth rendered for double the amount of actual damage, the judgment might be reversed, because this did not appear upon the record, and the plaintiff might have a mandate perhaps for a judgment for double the amount of the verdict, or at least for a new trial.

For the error in the instructions, above noticed, the judgment is reversed and the cause remanded for a new trial upon the principles of this opinion.

*Ewing* for appellant.

In a proceeding under that statute the jury have *no right to give smart money* in addition to damages for the real injury. The jury may assess the double amount of injury sustained and so find, but unless it appear upon the record that they were so instructed by the Court it might be liable to reversal.